UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:21-CV-09667-CAS (JEMx) | Date | October 17, 2022 |
|---|---|---|---|
| Title | VAL-PRO, INC. V. MIDTOWN MART, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Marea Woolrich | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

June Monroe     Not Present

**Proceedings:**     MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS MIDTOWN MART, INC. AND YEON MIN CHUNG (Dkt. 23, filed on SEPTEMBER 12, 2022)

## I. INTRODUCTION

On December 14, 2021, plaintiff Val-Pro, Inc. filed suit against defendants Midtown Mart, Inc., ("Midtown Mart") a California corporation; MTM 2825, LLC, a California limited liability company; and individuals Yeon Min Chung and Jaey Y. Chung (also known as Jae Chung) (collectively, "defendants"). See dkt. 1 ("Compl."). The complaint alleges claims for (1) breach of contract; (2) enforcement of statutory trust provisions of the Perishable Agricultural Commodities Act ("PACA"); (3) failure to account under PACA; (4) breach of fiduciary duty; (5) unjust enrichment; (6) conversion; (7) declaratory relief; and (8) finance charges and attorneys' fees. Id. at 11–14.

Plaintiff served defendants MTM 2825, LLC, and Jaey Y. Chung on January 15, 2022. Dkts. 12, 13.

On March 23, 2022, the Court issued and order to show cause why the action should not be dismissed for lack of prosecution. Dkt. 14.

On March 30, 2022, plaintiff served defendants Midtown Mart and Yeon Min Chung. Dkts. 16, 17.

On April 6, 2022, plaintiff requested the Clerk of Court enter default against defendants Jaey Y. Chung and MTM 2825 pursuant to Federal Rule of Civil Procedure 55. Dkt. 15. The Clerk entered default against those two defendants on April 8, 2022. Dkt. 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-CV-09667-CAS (JEMx) | Date | October 17, 2022 |
| Title | VAL-PRO, INC. V. MIDTOWN MART, INC., ET AL. | | |

On May 13, 2022, the Court ordered plaintiff to show cause why the action should not be dismissed due to lack of prosecution as to defendants Midtown Mart and Yeon Min Chung. Dkt. 19.

On May 20, 2022 plaintiff filed a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) as to defendants Jaey Y. Chung and MTM 2825, LLC. Dkt. 20.

On May 24, 2022, plaintiff requested the Clerk of Court enter default against defendants Yeon Min Chung and Midtown Mart. Dkt. 21. The Clerk accordingly entered default against those two defendants on May 24, 2022. Dkt. 22.

On September 12, 2022, plaintiff filed a motion for the entry of default judgment by the Court against defendants Yeon Min Chung and Midtown Mart pursuant to Federal Rule of Civil Procedure 55(b)(2). Fed. R. Civ. P. 55(b)(2); Dkt. 23 ("Mot."). Plaintiff served defendants with the motion for default judgment on September 12, 2022 by mail. Mot. at 10.

To date, defendants have neither answered nor in any way responded to plaintiff's complaint.

On October 17, 2022, the Court held a hearing. Counsel for plaintiff was present. Having carefully considered plaintiff's arguments and submissions, the Court finds and concludes as follows.

II.   **BACKGROUND**

Plaintiff Val-Pro Inc. is a California corporation doing business as Valley Fruit & Produce Co. Compl. ¶ 2. Plaintiff alleges that defendants Midtown Mart, Inc. and MTM 2825, LLC were both doing business as "Midtown Mart, Mid Town Mart, Midtown market, or Mid Town Market" from the location of 2825 West James M. Wood Blvd., Los Angeles, California 90006. Id. ¶¶ 3–5, 11. Plaintiff additionally alleges that Yeon Min Chung and Jaey Y. Chung worked as officers of the defendant business entities during the relevant times set forth below.[1] Id. ¶¶ 7–9

---

[1] In its complaint, plaintiff alleges that M2M 2825 is the "successor in interest" to Midtown Mart, Inc., and that the two entities "commingled funds" and that "are and must be treated as a single entity." Compl. ¶¶ 11–12. As described above, after the Clerk of Court entered default against defendants Jaey Y. Chung and MTM 2825 on April 8,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:21-CV-09667-CAS (JEMx) | Date | October 17, 2022 |
|---|---|---|---|
| Title | VAL-PRO, INC. V. MIDTOWN MART, INC., ET AL. | | |

Plaintiff alleges between on or about January 19, 2019 to February 27, 2019, it sold perishable agricultural commodities to Midtown Mart in a series of transactions and shipped the produce for which defendants agreed to pay plaintiff in principal amounts as least as great as the sum of $30,307.75. Id. ¶ 15.

Plaintiff alleges that around the date of each transaction, plaintiff forwarded to defendants the invoices for the transaction. Id. ¶ 16; see also . Plaintiff also alleges that it repeatedly demanded that defendants pay the amounts due, that they have failed and refused to do so, and that plaintiff has performed all conditions and obligations required under the relevant transaction agreements. Id. ¶¶ 17–18.

Plaintiff further alleges that (1) defendants were subject to license as dealer and/or retailer under the PACA provisions and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to PACA, (2) that the produce was purchased and sold in or in contemplation of interstate and/or foreign commerce, and (3) that under PACA, plaintiff became a "beneficiary of a floating, non-segregated statutory trust" on all of the defendants' perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived thereof. Id. ¶¶ 14, 23–24.

### III.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015)

---

2022. Dkt. 18. Plaintiff later filed a notice of dismissal as to those two defendants and has filed this motion for default judgment only as to Yeon Min Chung and Midtown Mart, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-CV-09667-CAS (JEMx) | Date | October 17, 2022 |
| Title | VAL-PRO, INC. V. MIDTOWN MART, INC., ET AL. | | |

(citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp., Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Ent. Inc. v. Elias, No. CV03-6387DT(RCX), 2004 WL 141959, at *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

"Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Accordingly, when an applicant seeks a default judgment from the Court, the movant must submit a declaration specifying: "(a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That notice has been served on the defaulting party, if required by [Federal Rule of Civil Procedure] 55(b)(2)." See C.D. Cal. L.R. 55-1. Under Local Rule 55-2, "where an application for default judgment seeks unliquidated damages, the party seeking entry of the default judgment is obligated to serve notice of the application on the defaulting party regardless of whether the latter has appeared in the action." Halicki v. Monfort, No. 2:08-cv-00351-PSG-JTL, 2009 WL 10672966, at *2 (C.D. Cal. Nov. 19, 2009) (citing C.D. Cal. L.R. 55-2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:21-CV-09667-CAS (JEMx) | Date | October 17, 2022 |
|---|---|---|---|
| Title | VAL-PRO, INC. V. MIDTOWN MART, INC., ET AL. | | |

## IV. DISCUSSION

### A. Procedural Requirements

To satisfy the procedural requirements for entry of default judgment, the plaintiff must follow the "requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). In the present case, in connection with its motion for default judgment, plaintiff submitted a declaration attesting that: (a) on May 24, 2022, the Clerk entered default against defendants after defendants failed to respond to the complaint; (b) neither defendant is an infant or an incompetent person; (c) defendants are not in military services or otherwise exempted under the Servicemembers Civil Relief Act; and (d) defendants were served by mail with a copy of the motion for default judgment on September 12, 2022. Dkt. 23-1 ("June Monroe Decl.) ¶¶ 15; Dkt. 23-1 (Certificate of Service).

Accordingly, plaintiff has satisfied the procedural requirement for entry of default judgment under the Federal and Local Rules, and the Court proceeds to the merits of its motion.[2]

### B. Application of the Eitel Factors

#### 1. Risk of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72. Here, defendants have not participated in the action to date, and plaintiff will therefore be prejudiced if default judgment is not entered in its favor. See PepsiCo, 238 F. Supp. 2d at 1175 (finding

---

[2] As described above, in its complaint, plaintiff brings eight causes of action. See Compl. at 11–14. All of these causes of action are essentially duplicative of each other, as they all seek the unpaid principal amount of $30,307.75, along with associated interest, attorneys' fees and legal costs. Additionally, in its motion for default judgment, plaintiff address its "substantive claim" as the claim to prevail under PACA. See generally Mot. Accordingly, the Court only addresses the PACA claim in its order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-CV-09667-CAS (JEMx) | Date | October 17, 2022 |
|---|---|---|---|
| Title | VAL-PRO, INC. V. MIDTOWN MART, INC., ET AL. | | |

courts favor entry of default judgment when, absent entry of default judgment, plaintiffs "will likely be without other recourse for recovery").

Accordingly, the first Eitel factor weighs in favor of entering default judgment for plaintiff.

    2.    Sufficiency of the Complaint and the Likelihood of Success on the Merits

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merits of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover). For the purposes of default judgment, all well-pleaded allegations in the complaint, except those relating to damages, are assumed to be true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

"PACA requires all brokers and dealers in perishable agricultural commodities to obtain licenses from the Secretary of Agriculture. Dealers violate PACA if they do not pay promptly and in full for any perishable commodity in interstate commerce." Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 282 (9th Cir. 1997) (citing 7 U.S.C. §§ 499b(4), 499c, 499d). As the Ninth Circuit has explained, "the perishable commodities or proceeds from the sale of those commodities are held in trust by the dealer for the benefit of the unpaid seller until full payment is made." Id. Thus, "by operation of § 499e(c)(2), a statutory trust in a defined res is created whenever a seller or supplier of perishable agricultural products provides such products to a commission merchant, dealer, or broker on credit. If the seller gives timely notice of its intent to preserve its benefits under the trust, the buyer must conduct itself as trustee of its assets until the seller is paid in full." Id. (quoting JSG Trading Corp. v. Tray–Wrap, Inc., 917 F.2d 75, 77–78 (2d Cir. 1990)). Anyone who violates Section 499b is liable under Section 499e "to the person or persons injured thereby for the full amount of damages." 7 U.S.C. §§ 499e.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** 'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-CV-09667-CAS (JEMx) | Date | October 17, 2022 |
| Title | VAL-PRO, INC. V. MIDTOWN MART, INC., ET AL. | | |

Here, plaintiff sufficiently alleges a PACA trust claim. First, plaintiff pleaded that in a series of transactions it sold and shipped perishable agricultural commodities (various types of fruits and vegetables) to defendants. Compl. ¶ 15; see also Dkt. 23-3 "Caroline LaLonde Decl.," Ex. 1. Additionally, plaintiff alleges that both it and defendants were licensed and subject to PACA regulations. Compl. ¶¶ 14, 21; Caroline LaLonde Decl., ¶ 8, Ex. 2. Specifically, defendants are subject to PACA as a dealer pursuant to 7 C.F.R. § 46.2(x) if they purchased at least 1 ton of produce in any one day during a calendar year: here on January 23, 2019. Mot. at 4; Caroline LaLonde Decl., ¶¶ 9–10, Ex. 3. Finally, plaintiff alleges that defendants have refused to pay for the produce and that on or around the date of each transaction, plaintiff forward to defendant invoices containing all language necessary to preserve its PACA trust rights. Compl. ¶¶ 16, 17, 26; see also Caroline LaLonde Decl., Ex. 1.

Accordingly, the second and third factors weigh in favor of granting the motion for default judgment.

### 3. Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see also Eitel, 782 F.2d at 1471–72. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No. 2:14-cv-09421-MMM-PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see also Walters v. Statewide Concrete Barrier, Inc., No. 3:04-cv-02559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Here, plaintiff seeks damages for the principle amount for the transactions owed in the amount of $30,307.75; a contractual pre-judgment finance charge through and including October 17, 2022 in the amount of $19,753.66, plus $14.95 per day after October 17, 2022 through the date on which judgment is entered; attorneys' fees in the amount of $3,610.83 pursuant to Local Rule 55-3; costs in the amount of $1,026.32; and post-judgment finance charge at the contractual rate of 18% per annum. Mot. at 6; Middle Mountain Land & Produce Inc. v. Sound Commodities Inc., 307 F.3d 1220, 1224–25 (9th Cir. 2002) (holding that contractual provisions for attorneys' fees related to a PACA transaction are enforceable).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:21-CV-09667-CAS (JEMx) | Date | October 17, 2022 |
|---|---|---|---|
| Title | VAL-PRO, INC. V. MIDTOWN MART, INC., ET AL. | | |

Accordingly, the fourth Eitel factor weighs in favor of entry of default judgment.

    4.  Possibility of a Dispute Concerning a Material Fact

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177.

Here, plaintiff "filed a well-pleaded complaint alleging the facts necessary to establish its claims, and the court clerk entered default against" defendant. Philip Morris USA, Inc. v. Castworld Prod. Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). Accordingly, "no dispute has been raised regarding the material averment of the complaint, and the likelihood that any genuine issue may exist is, at best, remote." Id.; see Elektra, 226 F.R.D. at 393.

Accordingly, the fifth factor weights in favor of granting the motion for default judgment.

    5.  Possibility of Excusable Neglect

The sixth Eitel factor considers whether the defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72.

Here, the possibility of excusable neglect is remote. On March 30, 2022, plaintiff served defendants Midtown Mart and Yeon Min Chung. Dkts. 16, 17. Defendants have neither answered nor in any way responded to plaintiff's complaint. Moreover, plaintiff served defendants with the motion for default judgment on September 12, 2022 by mail. Dkt. 23-1. Where a defendant "[is] properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," there is little possibility of excusable neglect. Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Accordingly, the sixth factor favors entry of default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-CV-09667-CAS (JEMx) | Date | October 17, 2022 |
| Title | VAL-PRO, INC. V. MIDTOWN MART, INC., ET AL. | | |

      6.    <u>Policy Favoring Decisions on the Merits</u>

Under the seventh <u>Eitel</u> factor, the Court takes into account the strong policy favoring decisions on the merits. See <u>Eitel</u>, 782 F.2d at 1472. Of course, "this preference, standing alone, is not dispositive." <u>PepsiCo</u>, 238 F. Supp. 2d at 1177 (citation omitted). A party's failure to answer or appear makes a decision on the merits impractical, if not impossible. <u>Id.</u> "Notwithstanding the strong policy presumption in favor of a decision on the merits, where a defendant's failure to appear and respond 'makes a decision on the merits impractical, if not impossible,' default judgment is appropriate." <u>Constr. Laborers Tr. Funds for S. Cal. Admin. Co. v. Black Diamond Contracting Grp., Inc.</u>, No. S8:17-cv-00770-JLSDFM, 2017 WL 6496434, at *5 (C.D. Cal. Dec. 18, 2017). Thus, defendants' failure to appear or otherwise respond makes a decision on the merits in this case "impractical, if not impossible." <u>Id.</u>

Accordingly, the seventh factor does not preclude entry of default judgment.

      7.    <u>Conclusion Regarding Eitel Factors</u>

Apart from the policy favoring decisions on the merits, all the remaining <u>Eitel</u> factors weigh in favor of default judgment on plaintiff's claims, including the merits of plaintiff's claims. See <u>Federal Nat. Mortg. Ass'n v. George</u>, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important <u>Eitel</u> factors.") (citation omitted). Therefore, weighing all the <u>Eitel</u> factors, the Court finds that entry of default judgment against defendant with respect to plaintiff's PACA trust claim is appropriate.

    **C.**    **Relief Sought by Plaintiffs**

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917–18 (9th Cir. 1987) (quotation marks omitted). The "[p]laintiff has the burden of proving damages through testimony or written affidavit." See <u>Bd. of Trustees of the Boilermaker Vacation Tr. v. Skelly, Inc.</u>, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). Moreover, the movant seeking default judgment must prove the damages sought, and although the Court may hold an evidentiary hearing to determine the amount of damages, no hearing is necessary "if the amount of damages can be determined from definite figures contained in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-09667-CAS (JEMx) | Date | October 17, 2022 |
|---|---|---|---|
| Title | VAL-PRO, INC. V. MIDTOWN MART, INC., ET AL. | | |

documentary evidence or in detailed affidavits." Bravado Int'l Grp. Merch. Servs., Inc. v. Quintero, No. 2:13-cv-00693-SVW-SS, 2013 WL 12126750, at *4 (C.D. Cal. Nov. 27, 2013) (citation omitted).

Here, plaintiff seeks damages for (1) the principle amount for the transactions owed in the amount of $30,307.75; (2) a contractual pre-judgment finance charge through and including October 17, 2022 in the amount of $19,753.66, plus $14.95 per day after October 17, 2022 through the date on which judgment is entered; (3) attorneys' fees in the amount of $3,610.83 pursuant to Local Rule 55-3; (4) costs in the amount of $1,026.32; and (5) post-judgment finance charge at the contractual rate of 18% per annum. Mot. at 6.

First, the Court concludes that the amount of $30,307.75 for the principal amount owed for the underlying transactions to be sufficiently proved through plaintiff's documentary evidence and affidavits. 2013 WL 12126750, at *4; see Caroline LaLonde Decl., Ex. 1; June Monroe Decl., Ex. 1.

Next, plaintiff seeks a pre-judgment finance charge and post-judgment finance charge at the contractual rate of 18% per annum notwithstanding that current federal post-judgment interest rate is less than 1% while the California interest rate is 10%. Mot. at 7–8. Plaintiff cites to several cases holding that courts have the "discretion to determine pre-judgment interest in PACA claims." Id. at 8 (citing Andrew Smith Co. v. Paul's Pak, Inc., 2010 U.S. Dist. LEXIS 122023, at *22 (N.D. Cal. 2010); see also Middle Mountain Land, 307 F.3d at 1226 ("[We] conclude that a district court may award reasonable prejudgment interest to PACA claimants if such an award is necessary to protect the interests of PACA claimants, and that such an award absent contract is discretionary."). Given that plaintiff's invoices to defendants, "as confirmatory memorandum or contracts for the Defaulting Defendants' purchase of produce," clearly contained contract terms providing for a 18% interest charge on all unpaid sums until fully paid as well as attorneys' fees and costs, the Court finds that these costs are reasonable. See Mot. at 6.

Next, plaintiff seeks recovery of costs of $1,026.32 "in litigation costs it incurred in this case." Under the local rules, the "'prevailing party' is entitled to costs." C.D. Cal. L.R. 54-1. The Court finds an award of $1,026.32 in costs to be reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-09667-CAS (JEMx) | Date | October 17, 2022 |
|---|---|---|---|
| Title | VAL-PRO, INC. V. MIDTOWN MART, INC., ET AL. | | |

Plaintiff also seeks attorneys' fees in the amount of $3,610.83. Under the local rules, a party awarded between $50,000 and $100,000 may recover $3,600 plus four percent of the judgment amount over $50,000 if an "contract . . . provides for the recovery of reasonable attorneys' fees." C.D. Cal. L.R. 55-3. As stated above, under the applicable contracts to the parties' transactions and PACA case law, attorneys' fees are available to plaintiff and warranted under the circumstances.

**V.    CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for default judgment as to defendants Yeon Min Chung and Midtown Mart, Inc. The Court awards plaintiff $50,270.66 in damages. Further, the Court **GRANTS** plaintiff's request for $1,026.32 in costs plus attorneys' fees of $3,610.83.

IT IS SO ORDERED.

|  | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |